## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| LETICIA WOODS, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiffs,<br><br>  vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC,<br><br>   Defendant. | ) Case No.: 17-cv-354<br>)<br>) **CLASS ACTION COMPLAINT**<br>)<br>)<br>)<br>)<br>) **Jury Trial Demanded**<br>)<br>)<br>)<br>) |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Leticia Woods is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely a bill for educational services.

5. Defendant Asset Recovery Solutions, LLC ("ARS") is a debt collection agency with its principal offices located at 2200 E Devon Ave Ste 200, Des Plaines, IL 60018.

6.    ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.    ARS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ARS is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8.    On or about February 7, 2017, Plaintiff received debt collection letter from ARS. A copy of this letter is attached to this complaint as Exhibit A.

9.    Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10.    On Exhibit A, ARS represents that the "creditor" is "UNIVERSITY OF PHOENIX." ("Phoenix").

11.    Upon information and belief, ARS is collecting the debt referred to in Exhibit A on Phoenix's behalf.

12.    Upon information and belief, ARS is not the owner of the debt referred to in Exhibit A.

13.    The letter ARS sent to Plaintiff (Exhibit A) includes the following text:

We would like to settle your debt for only **35%** of your Total Current Balance listed above.

**Settlement amount $614.36**

To accept this offer, simply make sure that we receive the entire Settlement Amount on or before March 30 2017. If we receive the Settlement Amount on or before March 30 2017, and if your funds clear, we will consider your account to be settled in full and will stop all further collection efforts. **This offer expires on March 30 2017.**

We are not obligated to renew this offer. Failure to comply with the above mentioned terms will nullify the settlement arrangement.

Exhibit A.

14.    The above language is confusing and misleading to the unsophisticated consumer.

15.    Exhibit A is unclear as to whether payment of the "settlement" amount would actually settle the account in full with ARS *and* Phoenix.

2

16.     Exhibit A only addresses the status of the consumer's account with ARS. Nothing in Exhibit A indicates that Phoenix would waive the remaining 65% of the debt if Plaintiff paid the requested amount to ARS. Instead, the letter indicates that payment of the debt will cause ARS to "stop all further collection efforts."\

17.     Upon information and belief, the relationship between ARS and Phoenix is a non-agent, independent contractor relationship, not an agency relationship. Phoenix does not exercise the type of control over ARS that would establish an agency relationship.

18.     Under a reasonable interpretation of Exhibit A, payment of the "settlement" amount would result ARS closing its account and returning the remaining balance (i.e. 65 percent of the balance) to Phoenix, which would be within its rights to continue collection efforts.

19.     It is common for debt collectors to collect an account for several months and then return the account to the creditor. It is also common for creditors to recall accounts from debt collectors and place the accounts with different collection agencies.

20.     Recall and reassignment of accounts, or even disappearance or repudiation of a settlement agreement, sometimes occurs while the consumer has "settled" with a debt collector or a settlement payment plan is in progress. *See, eg. Lesh v. Allied Interstate, LLC*, et al., No. 15-cv-1426 (E.D. Wis. filed Nov. 30, 2015); *Kleppin v. Estate Information Services LLC*, No. 14-cv-1484 (E.D. Wis. filed Nov. 24, 2014).

21.     ARS's unclear language raises the risk that the consumer will complete the terms of the settlement proposal, only to have Phoenix or a new debt collector later seek the entire balance. *Id.*

3

22.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

23.     15 U.S.C. § 1692e(2)(a) specifically prohibits: "The false representation of – the character, amount, or legal status of any debt.

24.     15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT I – FDCPA

25.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26.     Exhibit A are confusing and mislead the unsophisticated consumer as to the status of the remaining balance after a "settlement" payment is made.

27.     Exhibit A only state that payment of the "settlement" amount would resolve the matter with ARS, and that the payment would cause ARS to stop collection efforts.

28.     It is facially unclear whether such payment would actually resolve the entire balance of the alleged debt, or would only result in the remaining 65 percent of the debt being returned to Phoenix for additional collection efforts.

29.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692e(10).

## CLASS ALLEGATIONS

30.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt owed for Phoenix, (d) incurred for personal, family or household purposes, and (e) in which ARS had not acquired an

4

ownership interest in the debt, (f) between March 9, 2016 and March 9, 2017, (g) that was not returned by the postal service.

31.     The Class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the Class.

32.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

33.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

34.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

36.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  March 9, 2017.

**ADEMI & O'REILLY, LLP**

By:    /s/Denise L. Morris
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        Denise L. Morris (SBN 1097911)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com
        dmorris@ademilaw.com

6